UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERIBERTO VALENCIA,<br><br>        Petitioner,<br><br>   v.<br><br>BRIAN HAWS,<br><br>        Respondent. | 1:11-cv—00021-SKO-HC<br><br>ORDER DIRECTING PETITIONER TO FILE A VERIFICATION OF THE PETITION NO LATER THAN TWENTY (20) DAYS AFTER THE DATE OF SERVICE OF THIS ORDER |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303.  Pending before the Court is the petition (doc. 2), filed on January 6, 2011.

    I.   <u>Screening the Petition</u>

    Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly

1

appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

II.  Absence of a Verification

Title 28 U.S.C. § 2242 provides in pertinent part:

> Application for a writ of habeas corpus shall
> be in writing signed and verified by the person
> for whose relief it is intended or by someone
> acting in his behalf.

Likewise, Rule 2 of the Rules Governing Section 2254 Cases in the

2

United States District Courts (Habeas Rules) expressly requires that the petition "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Habeas Rule 2(c)(5).

If a petition is insufficient, the Clerk must file the petition, and the Court may then require the petitioner to submit a corrected petition that conforms to Rule 2(c). Habeas Rule 3(b); Habeas Rule 2, Advisory Committee Comment, 2004 Amendments.

Title 28 U.S.C. § 1746 requires that a declaration be subscribed as true under penalty of perjury, and be executed substantially in the statutory form, which in turn requires a declaration "under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746. Although a lack of swearing is not a fatal defect, the declaration must be made under penalty of perjury and must be attested to be true. Cobell v. Norton, 310 F.Supp.2d 77, 84 (D.D.C. 2004) (statement of truth based on "knowledge, information, and belief" insufficient); Kersting v. United States, 865 F.Supp. 669, 776-77 (D. Hawaii 1994) (necessary elements are that the unsworn declaration contains the phrase "under penalty of perjury" and states that the document is true).

Here, Petitioner states that the contents of the petition "are known to me by personal knowledge and on information and belief, and I believe them to be true." (Pet. 6.) Thus, Petitioner has qualified the statement of truth by indicating that some matters are based only on information and belief, and by declaring a belief that the contents are true in place of affirming their truth. The Court concludes that the declaration

fails to comply with the requirements of § 1746.

   III.   Disposition

   Petitioner will be required to submit a corrected petition. In light of the difficulty in having Petitioner submit a new habeas corpus petition, Petitioner is ORDERED to submit no later than twenty (20) days after the date of service of this order a document verified and signed by Petitioner or other appropriate person  1) stating that he submitted the petition to the Court, and 2) verifying its contents to be true under penalty of perjury of the laws of the United States.  See, 28 U.S.C. § 1746.

   Petitioner is forewarned that failure to comply with a Court order will result in dismissal of the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

**Dated:   January 18, 2011**             /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE