UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HERIBERTO VALENCIA, | ) | 1:11-cv—00021-LJO-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING RESPONDENT'S |
| | ) | MOTION TO SEAL PROBATION REPORT |
| | ) | (DOC. 23) |
| v. | ) | |
| | ) | |
| BRIAN HAWS, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303.  Pending before the Court is the Respondent's motion to seal a probation report submitted in connection with the answer to the petition. The unopposed motion was filed on June 29, 2011.

    Pursuant to Local Rule 141, except as otherwise provided by statute or rule, documents may be sealed only upon written order of the Court.  Although there is a recognized, common law right of access to judicial records and documents in civil proceedings for the purpose of inspection and copying, Hagestad v. Tragesser, 49 F.3d 1430, 1433-1434 (9th Cir. 1995), this right is not

1

1  absolute.  The Court has the authority to exercise its discretion
2  to seal documents and set appropriate limits upon access to
3  records and files on the basis of articulable facts known to the
4  Court, as distinct from unsupported hypothesis or conjecture,
5  which demonstrate a compelling reason.  Fed. R. Civ. P. 26(c);
6  Local Rule 141; <u>Nixon v. Warner Communications, Inc.</u>, 435 U.S.
7  589, 598 (1978); <u>Hagestad v. Tragesser</u>, 49 F.3d 1434 (9th Cir.
8  1995); <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172,
9  1178-79 (9th Cir. 2006).

10       Cal. Pen. Code § 1203.05 provides that a report of a
11  probation officer filed with the court is accessible to the
12  public for only sixty (60) days after the pronouncement of
13  judgment or grant of probation, and thereafter only by court
14  order.  Probation reports thus have been characterized as
15  "conditionally confidential" after the sixty (60) days have
16  passed, and § 1203.05 has been interpreted to raise a presumption
17  that the reports are confidential and will not be disclosed
18  absent a compelling showing of need to serve the ends of justice.
19  One purpose of the statute is to protect personal information
20  that is contained in such reports that might ordinarily be
21  confidential.  <u>People v. Connor</u>, 115 Cal.App.4th 669, 681, 684-
22  85, 687, 696 (2004).

23       Accordingly, it is ORDERED that Respondent's motion to seal
24  the probation report is GRANTED.

25

26  IT IS SO ORDERED.

27  **Dated:   July 14, 2011**                    **/s/ Sheila K. Oberto**
                                                  UNITED STATES MAGISTRATE JUDGE
28